# In the United States Court of Federal Claims

No. 10-219T

(Filed: January 28, 2011)

```
*****************************************   *
                                            *
                                            *
ROBERT COLMAN,                              *
                                            *   Claim for Reward From IRS for
                                            *   Furnishing Information Leading
                Plaintiff,                  *   to Conviction for Embezzlement
                                            *   and False Tax Returns; Rule
 v.                                         *   12(b)(1) Motion to Dismiss; 26
                                            *   U.S.C. § 7623; Money-Mandating
THE UNITED STATES,                          *   Source.
                                            *
                Defendant.                  *
                                            *
*****************************************   *
```

*Jeremy J. Osher*, Boren, Osher, & Luftman, LLP, Los Angeles, California, for Plaintiff.

*Karen M. Groen*, with whom were *John DiCicco,* Acting Assistant Attorney General, *Steven I. Frahm*, Chief, Court of Federal Claims Section, Tax Division, United States Department of Justice, Washington, DC, *David House*, Of Counsel, for Defendant.

OPINION AND ORDER
ON DEFENDANT'S MOTION TO DISMISS

WHEELER, Judge.

Before the Court is Defendant's August 20, 2010 motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6). The case involves the Government's denial of Plaintiff Robert Colman's claim for a reward from the Internal Revenue Service (IRS). Mr. Colman had notified the IRS in 2003 that an accountant, Steven Krell, had embezzled funds from and falsified the tax returns of Mr. Colman's mother. The IRS sent a form letter to Mr. Colman denying the claim, stating that "if we deny your request for reconsideration, you must bring suit in the U.S. Court of Federal Claims if you wish to pursue the matter further." In 2009, Mr. Colman learned that Mr. Krell pleaded guilty to filing false federal tax returns. Mr. Colman filed a complaint in this Court on April 8,

2010 requesting damages of 15 percent of taxes, penalties, interest or other amounts that the IRS collected from Mr. Krell.

Defendant argues in its motion that for the Court to have jurisdiction a plaintiff must identify a substantive law that gives the right to money damages. According to Defendant, the statute under which Mr. Colman requests money damages, 26 U.S.C. § 7623(a), is not a money-mandating statute. In the alternative, Defendant asserts that Mr. Colman failed to state a claim upon which relief may be granted. To assert a claim for reward under 26 U.S.C. § 7623, Mr. Colman must prove that the IRS negotiated and agreed upon a specific amount as the reward. Defendant states that Mr. Colman cannot show such an agreement in this case.

On September 22, 2010, Mr. Colman filed an opposition to Defendant's motion to dismiss. Mr. Colman argues that the IRS consented to the Court's jurisdiction in its form letter rejecting his claim and ought to be estopped from now arguing that this Court lacks jurisdiction. Mr. Colman also relies upon the Federal Circuit's statement in Krug v. United States, 168 F.3d 1307, 1310 (Fed. Cir. 1999), that "it is an open question whether an agency's denial of a discretionary award is reviewable." Mr. Colman contends that he is entitled to discovery to determine if the IRS abused its discretion in denying the award.

Defendant filed a reply in support of its motion to dismiss on October 12, 2010. Defendant again argues that Mr. Colman has not alleged a money-mandating statute that grants this Court jurisdiction, and that Mr. Colman's citation to the Krug case refers to the Administrative Procedure Act (APA), 5 U.S.C. § 701 et seq., which is not a money-mandating statute. Further, Defendant contends that any IRS statements in the form letter to Mr. Colman cannot create jurisdiction, because the parties are powerless to establish jurisdiction by consent. The Court heard oral argument on October 26, 2010.

For the reasons set forth below, Defendant's motion to dismiss for lack of jurisdiction is GRANTED. The Court finds that Mr. Colman has failed to identify a substantive law that gives him the right to money damages. While the Court is troubled by the IRS form letter that erroneously directed claimants to file in the U.S. Court of Federal Claims, the IRS letter alone does not confer jurisdiction on this Court.

Factual Background[1]

Plaintiff Robert Colman provided the IRS with information in 2003 of possible tax fraud. Mr. Colman notified the IRS that Steven Krell, an accountant and business manager for Mr. Colman's mother, had embezzled approximately $1,000,000 from his mother and her trusts, and had falsified her tax returns. (Compl. ¶ 1.) Mr. Krell provided

---

[1] The facts described in this Opinion do not constitute findings of fact by the Court. The facts cited herein are either undisputed or alleged and assumed to be true for the purposes of the pending motion.

accounting services for Mr. Colman's mother from 1996 until 2003.  (Compl. ¶ 2.)  In approximately August 2003, Mr. Colman notified the IRS that Mr. Krell had engaged in illegal activities.  (Compl. ¶ 4.)  Specifically, in a letter to the IRS attached to the complaint, Mr. Colman stated that Mr. Krell's accounting firm informed Mr. Colman that Mr. Krell had been embezzling money from his mother's account for six years.  (Compl. Ex. B.)  Both the accounting firm and a forensic accountant determined that Mr. Krell embezzled $1,000,000.  Id.  Mr. Colman alleged in his letter that Mr. Krell embezzled an additional $100,000 from his mother while at a previous employer.  Id.  Mr. Colman stated that he had seen deposits of over $390,000 in cash in Mr. Krell's bank accounts over the years, but he did not believe that these deposits had been declared as income.  Id.  Mr. Colman alleged that Mr. Krell made many errors on his mother's tax returns, such as falsifying the 1999 return by overstating the basis of a stock she sold by approximately $350,000.  Id.  Mr. Colman stated that Mr. Krell also embezzled money from two other clients.  Id.  Mr. Krell's accounting firm became suspicious when his wife submitted large hotel bills to the senior partner of the firm.  Id.  The firm hired investigators who uncovered Mr. Krell's wrongful acts.  Id.

On October 9, 2003, the IRS sent Mr. Colman a form letter "Letter 1010 (SC) Rev 5-2001" stating that it had considered his Form 211, Application for Reward for Original Information, and determined that the information he provided did not meet the criteria for a reward.  (Compl. ¶ 8, Ex. A.)  The letter did not explain why Mr. Colman's claim was rejected, but instead stated that federal disclosure and privacy laws prohibit the IRS from providing Mr. Colman with a specific reason for rejecting his claim.  Id.  The letter listed the most common reasons for the IRS's denial of rewards:  "(1) Your information did not cause an investigation or result in the recovery of taxes, penalties, or fines. (2) The [IRS] already had the information you provided. (3) The taxes recovered were too small to warrant a reward."  The letter also stated "[t]here are no other administrative appeals available to you.  If we deny your request for reconsideration, you must bring suit in the U.S. Court of Federal Claims if you wish to pursue the matter further."  Id.

Mr. Colman learned that in approximately June 2009, Mr. Krell pleaded guilty to filing false federal tax returns after embezzling nearly $1,500,000 from two clients.  (Compl. ¶ 10.)  Mr. Colman also learned that, as part of Mr. Krell's plea agreement, he agreed to file amended tax returns reflecting $514,125 in illegally obtained proceeds.  (Compl. ¶ 12.)  The IRS assessed a fraud penalty against Mr. Krell amounting to 75 percent of the tax due on the proceeds he embezzled.  Id.  Mr. Colman alleges upon information and belief that the Government was able to secure a guilty plea from Mr. Krell based upon the information that he provided.  (Compl. ¶ 13.)  Mr. Colman asserts that, pursuant to 26 U.S.C. § 7623(a), he is entitled to a monetary award.  (Compl. ¶ 14.)

Discussion

A.      The Court's Inquiry into the Erroneous IRS Form Letter

The Court is troubled by the sentence in the IRS form letter to Mr. Colman stating that "you must bring suit in the U.S. Court of Federal Claims if you wish to pursue the matter further." The Court attempted to learn why the IRS included this erroneous statement in its form letter.  At the Court's direction, Defendant's counsel requested relevant information from the IRS, but this effort did not produce a clear answer.  Some comfort is derived from the IRS's discontinued use of the letter.  Further pursuit of this issue is unnecessary because, whatever the origins of the IRS letter may have been, the letter alone would not confer jurisdiction upon this Court.

After oral argument, by order dated October 26, 2010, the Court observed that it did not understand why the IRS would tell Mr. Colman to commence an action in this Court if there is no jurisdiction. The Court requested Defendant to provide a sworn statement from an authorized representative of the IRS informing the Court why the IRS instructed Mr. Colman that "you must bring suit in the U.S. Court of Federal Claims if you wish to pursue the matter further."  The Court also requested Defendant to provide any contemporaneous documents relating to the Court's inquiry.

On November 9, 2010, Defendant filed the Declaration of Robert B. Gardner, currently the IRS's Program Manager of the Case Development and Analysis Unit in the Whistleblower Office in Buffalo, New York.  Mr. Gardner's declaration explained simply that in 2003 the IRS thought this Court might have jurisdiction.

> In 2003, our understanding was that the Court of Federal Claims could exercise jurisdiction over informant reward cases in some circumstances. We later realized that the form letters used for the denial of informant claims created confusion.  The IRS discontinued using any version of Letter 1010 which mentions that claimants may file suit in the Court of Federal Claims, on or about January 1, 2009.

(Decl. Robert B. Gardner ¶ 4.)   Defendant's counsel also stated that "the files in defendant's trial counsel's possession related to plaintiff's case do not contain any contemporaneous documents that relate to the Court's inquiry."  (Def.'s Notice of Filing Decl.)

Following receipt of a declaration from Mr. Colman's counsel, the Court issued another order on November 18, 2010, stating that the vague and unexplained assertions in Mr. Gardner's declaration were insufficient. The Court requested Defendant's counsel to perform a second inquiry by providing specific facts to explain the inclusion of the statement in the 2003 form letter directing the claimant to file in the U.S. Court of

Federal Claims.  The Court requested Defendant's counsel to identify one or more individuals with personal knowledge of the reasons the IRS directed claimants to file in this Court.  The Court again requested Defendant's counsel to produce relevant documents responsive to the Court's inquiry.  Defendant filed a response to the Court's order on December 8, 2010 describing the steps that counsel took to respond to the Court's order.  On January 7, 2011, Defendant's counsel supplemented her response, and produced 309 pages of documents that the IRS believed were responsive to the Court's request.

The Court has reviewed these documents, and found them largely unenlightening. One document refers to the IRS's understanding of this Court's jurisdiction.  In a chapter on Information and Informants' Rewards in the 2001 Internal Revenue Manual, there is a section entitled "Protests by Informants Against Action on Claims."  In this section, the manual states that "an informant may contemplate court action if he/she disagrees with the disallowance of his/her claim."  (Jan. 7 Resp. to Order Ex. 181.)  The manual states that claimants for rewards have brought suit in the "Court of Claims."  Id.  The manual then acknowledges, relying on cases from 1941, that these claimants have been unsuccessful.  It remains unclear how this information could support the IRS's advice to claimants in 2003 that they should bring suit in the Court of Federal Claims.

It is unfortunate that the IRS's erroneous form letter may have induced Mr. Colman to waste time and effort by filing suit in this Court.  From Mr. Colman's perspective, the IRS instructed him to pursue his claim in this Court.  When he followed the IRS's advice, another arm of the Government, the Department of Justice, moved to dismiss the claim for lack of jurisdiction.  The public rightly should expect better from its federal agencies.  At least the recent 2010 version of the IRS form letter has eliminated the language that invites suit in our Court.  (Jan. 7 Resp. to Order Ex. 41.)

B.      Jurisdiction in the Court of Federal Claims

The Court of Federal Claims derives its jurisdiction from the Tucker Act, which does two things: "(1) it confers jurisdiction upon the Court of Federal Claims over the specified categories of actions brought against the United States, and (2) it waives the Government's sovereign immunity for those actions."  Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005).  The Tucker act gives the Court "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."  28 U.S.C. § 1491(a) (2006).  The Tucker Act does not, by itself, create any substantive right against the United States for money damages that may be litigated in this Court.  United States v. Testan, 424 U.S. 392, 398 (1976).  In order to come within the jurisdictional reach of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates a right to money damages.  Fisher, 402 F.3d at

1172.  The source of law can be "a contractual relationship, constitutional provision, statute, or regulation that provides a substantive right to money damages."  Khan v. United States, 201 F.3d 1375, 1377-78 (Fed. Cir. 2000) (citing Hamlet v. United States, 63 F.3d 1097, 1101 (Fed. Cir. 1995)).

When a complaint is filed alleging a claim based on a statute, the trial court at the outset will determine, either in response to a motion or *sua sponte*, whether the statute is money-mandating.  Fisher, 402 F.3d at 1173.  If the Court concludes that the source as alleged and pleaded is not money-mandating, the Court must dismiss the complaint for lack of subject matter jurisdiction.  Id.  Plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of evidence.  Reynolds v. Army and Air Force Exchange Service, 846 F.2d 746, 748 (Fed. Cir. 1988) (citing Zunamon v. Brown, 418 F.2d 883, 886 (8th Cir. 1969)).  In deciding a motion to dismiss for lack of subject matter jurisdiction, the allegations of the complaint are construed in favor of the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), *abrogated on other grounds by* Harlow v. Fitzgerald, 457 U.S. 800 (1982).

C.      Plaintiff Has Failed to Establish Subject Matter Jurisdiction.

A plaintiff is responsible for establishing the grounds for this Court's jurisdiction in its complaint.  See Rule 8(a)(1) (a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction.")  Here, the complaint does not include a separate jurisdictional section, but the complaint refers to 26 U.S.C. § 7623(a).  (Compl. ¶ 14.) ("Claimant respectfully submits that pursuant to IRC Section § 7623(a), he is entitled to monetary award based on the original information that he provided to the IRS regarding Mr. Krell.")  In responding to the motion to dismiss, Mr. Colman argues that the Court has jurisdiction because the IRS expressly consented to jurisdiction in the Court of Federal Claims, and because an agency's denial of a discretionary award is reviewable. (Pl.'s Resp. Br. 2.)

The Court finds 26 U.S.C. § 7623, as it existed in 2003, is not money-mandating and cannot serve as the substantive law on which to predicate this Court's jurisdiction. Only one factual circumstance exists where this Court has jurisdiction of an informant's claim for a reward under § 7623, namely where the informant and the IRS enter a binding agreement by negotiating and fixing a specific amount for the reward.  Merrick v. United States, 846 F.2d 725, 726 (Fed. Cir. 1988).  In this case, Mr. Colman does not allege that he entered into a contract with the IRS.  Thus, because the Court finds that the substantive source of law as pleaded is not money-mandating, the Court must dismiss the case for lack of subject matter jurisdiction.

1.  <u>26 U.S.C. § 7623 Is Not a Money-Mandating Source.</u>

26 U.S.C. § 7623, as it existed in 2003, provided the Secretary of the Treasury with broad discretion in granting rewards to informants.  The statute stated:

> The Secretary, under regulations prescribed by the Secretary, is authorized to pay such sums as he deems necessary for –
>
> (1) detecting underpayments of tax, and
>
> (2) detecting and bringing to trial and punishment persons guilty of violating the internal revenue laws or conniving at the same,
>
> in cases where such expenses are not otherwise provided for by law.  Any amount payable under the preceding sentence shall be paid from the proceeds of amounts (other than interest) collected by reason of the information provided, and any amount so collected shall be available for such payments.

26 U.S.C. § 7623 (2000), *amended by* Tax Relief and Health Care Act of 2006, Pub. L. No. 109-432, §406, 120 Stat. 2922, 2958-60 (2006).  As noted, Congress amended 26 U.S.C. § 7623 in 2006.  The section quoted above, with some minor changes, became § 7623(a).  Tax Relief and Health Care Act of 2006, § 406.  Congress added a new section, § 7623(b), creating a non-discretionary award reviewable in the U.S. Tax Court, but only if the tax, penalties, interest additions, and additional amounts in dispute exceed $2,000,000.  <u>Id.</u> at 2958-59.  The new non-discretionary award only applies to information provided to the IRS after the date of enactment of the Act.  <u>Id.</u> at 2960. Under the new statutory scheme, rewards for amounts in dispute under $2,000,000 are governed by § 7623(a).  Since Mr. Colman provided information to the IRS regarding Mr. Krell in 2003, the Court does not need to address the 2006 statutory amendment. The Court finds that 26 U.S.C. § 7623 as it existed in 2003 was not money-mandating.

A substantive law is money-mandating if it "can be fairly interpreted as mandating compensation by the Federal Government for the damage sustained."  <u>Testan</u>, 424 U.S. at 400; <u>see also</u> <u>United States v. Mitchell</u>, 463 U.S. 206, 216-17 (1983).  This Court repeatedly has held that § 7623 is not a money-mandating statute.  <u>See</u> <u>Dacosta v. United States</u>, 82 Fed. Cl. 549, 556 (2008) ("[26 U.S.C § 7623] itself is not money-mandating for jurisdictional purposes."); <u>Conner v. United States</u>, 76 Fed. Cl. 86, 87 (2007) ("I.R.C. § 7623 and 26 C.F.R. § 301.7631-1 do not mandate monetary rewards and consequently do not create a substantive right to money damages, so plaintiff cannot premise jurisdiction on either the statute or the regulation."); <u>Destefano v. United States</u>, 52 Fed. Cl. 291, 293 (2002) (same); <u>Confidential Informant v. United States</u>, 46 Fed. Cl. 1, 6 (2000) ("Based upon the language of [§ 7623], this court finds that the statute is not

money-mandating within the meaning of the Tucker Act."). The Court agrees with these decisions that § 7623 is not money-mandating.

Mr. Colman relies upon the statement in the Federal Circuit's Krug case that "it is an open question whether an agency's denial of a discretionary award is reviewable at all, see 5 U.S.C § 701(a)(2) (1994) (excluding judicial review where 'agency action is committed to agency discretion by law')" for the proposition that this Court can review a discretionary agency decision such as whether to grant an informant a reward. Krug, 168 F.3d at 1310. By referring to § 701(a)(2) of the APA, the Federal Circuit must have been addressing when an agency decision is excluded from judicial review under the APA. The Court does not read this statement as addressing whether 26 U.S.C. § 7623 is a money-mandating statute.

Generally, a substantive law is money-mandating if the statute leaves the Government no discretion over the payment of the claimed funds. Samish Indian Nation v. United States, 419 F.3d 1355, 1364 (Fed. Cir. 2005). However, certain discretionary schemes also provide for claims within this Court's jurisdiction. Id. These include statutes that: (1) provide "clear standards for paying" money to recipients; (2) state the "precise amounts" to be paid; or (3) as interpreted, compel payment upon the satisfaction of certain conditions. Id. at 1364-65 (citing Perri v. United States, 340 F.3d 1337, 1342-43 (Fed. Cir. 2003)).

None of these three criteria apply to 26 U.S.C. § 7623. The statute does not supply any standards establishing when an informant should be paid. Instead, the statute grants broad discretionary authority to the Secretary of the Treasury to make payments to those who assist in detecting underpayments of tax, and in bringing to trial persons found guilty of violating the federal tax laws. The statute also does not state the amount of payment. It allows the Secretary of the Treasury to pay sums he "deems necessary." Further, as interpreted, the statute does not compel payment when conditions are satisfied. The Court of Federal Claims repeatedly has interpreted the statute as not compelling payment. See Confidential Informant, 46 Fed. Cl. at 5 (finding that § 7623 did not contain the characteristics necessary to make a statute with discretionary language money-mandating.).

2. The IRS's Instructions to File in This Court Make No Difference.

The IRS's expressed consent to be sued in its form letter is immaterial. The IRS's letter cannot confer jurisdiction upon this Court. Jurisdiction of federal courts is "limited to those subjects encompassed within a statutory grant of jurisdiction." Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982). "[N]o action of the parties can confer subject-matter jurisdiction upon a federal court." Id. at 702; see also Riggle v. United States, 131 F. App'x 273, 275 (Fed. Cir. 2005) (finding that even if plaintiffs were correct that the IRS had stipulated to jurisdiction in the Court of Federal

Claims, the IRS could not by stipulation create jurisdiction in that Court); <u>Florida Power & Light Co. v. United States</u>, 307 F.3d 1364, 1370-71 (Fed. Cir. 2002) (holding that language in a contract between utilities and the Government could not grant jurisdiction under the Contract Disputes Act if jurisdiction was not otherwise authorized).

Mr. Colman also argues that "[h]aving invited Plaintiff to submit his claim to this Court, Defendant ought to be estopped from now arguing that this Court lacks jurisdiction." (Pl.'s Resp. Mot. To Dismiss 5.)  The Federal Circuit faced a similar issue in <u>Dunklebarger v. Merit Systems Protection Board</u>, 130 F.3d 1476, 1480 (Fed. Cir. 1997).  In <u>Dunklebarger</u>, the Army informed the plaintiff that he could appeal its employment decision to the Merit Systems Protection Board.  The Army then argued to the Board that it did not have jurisdiction over the plaintiff's claim.  <u>Id.</u> at 1477.  The plaintiff contended in the Federal Circuit that, since the Army advised him to go to the Merit Systems Protection Board, the Army "should not be heard to argue that the Board lacks jurisdiction over his appeal."  The Court held that "[w]hile the agency's position has indeed been inconsistent, an agency cannot by acquiescence confer jurisdiction on the Merit Systems Protection Board to hear an appeal that Congress has not authorized the Board to entertain."  The Court pointed out that "the principles of estoppel do not apply to vest subject-matter jurisdiction where Congress has not done so."  Similarly, although the Government has been inconsistent in this case, this inconsistency does not confer jurisdiction on this Court.

Conclusion

Plaintiff has not identified a substantive law that creates a right to money damages. Thus, the Court lacks subject matter jurisdiction over Plaintiff's claim.  Defendant's motion to dismiss under Rule 12(b)(1) is GRANTED, and the complaint is hereby DISMISSED without prejudice.  The clerk is directed to enter judgment dismissing the complaint.  In light of the Court's ruling, it is not necessary to address Defendant's Rule 12(b)(6) grounds for dismissal.

IT IS SO ORDERED.

s/ Thomas C. Wheeler<br>THOMAS C. WHEELER<br>Judge